| STATE OF INDIANA | ) | IN THE HOWARD CO. SUPERIOR COURT |
| --- | --- | --- |
|  | ) SS: |  |
| COUNTY OF HOWARD | ) | CAUSE NO.: |

ANGELA C. MOSELEY )

    Plaintiff, )

vs. )

WALMART INC. )

    Defendant. )

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Angela C. Moseley, by counsel, and for her Complaint for Damages against Defendant, Walmart Inc. ("Walmart"), states as follows:

### I.

### PARTIES

1. Plaintiff, Angela C. Moseley, resides in Howard County at 2900 N. Apperson Way, Lot 208, Kokomo, Indiana 46901.

2. Defendant, Walmart, is a foreign limited partnership with its principal office located in Benton County at 708 SW 8th Street, Bentonville, Arkansas 72716, and its registered agent, C T Corporation System, located in Marion County at 334 North Senate Avenue, Indianapolis, Indiana 46204.

### II.

### FACTS

3. On or about August 4, 2018, Plaintiff, Angela C. Moseley, was shopping at Walmart, located in Howard County at 1920 E. Markland Avenue, Kokomo, Indiana. As she was

pushing her cart down one of the store aisles, Ms. Moseley suddenly slipped and fell to the floor in what was later determined to be a large pool of vomit.

4. Management and employees of Defendant, Walmart, owed Ms. Moseley, as an invitee/business visitor, the highest duty of care owed to any entrant upon land, to protect her against both known dangers and against those that might be discovered with reasonable care.

5. Defendant, Walmart, knew, or with the exercise of reasonable care should have known, that said pool of vomit led to an unreasonable risk of harm to Ms. Moseley and that Ms. Moseley either would not discover/realize it or would fail to protect herself against it.

6. Defendant, Walmart, failed to perform routine and timely surveillance of the store to check for cleanliness issues and dangers to its invitees/business visitors.

7. Defendant, Walmart, failed to adequately train and supervise its employees in maintaining the store in a clean and safe manner.

8. Defendant, Walmart, failed to discover the vomit in a reasonable amount of time.

9. Defendant, Walmart, failed to clean up the vomit in a reasonable amount of time.

10. Defendant, Walmart, failed to blockade the area in a reasonable amount of time.

11. Defendant, Walmart, failed to warn its invitees/business visitors of the danger in a reasonable amount of time.

12. Defendant, Walmart, failed to take reasonable measures to ensure precautions were taken to address the risk of harm outlined above.

13. Defendant, Walmart, failed to exercise reasonable care to protect Plaintiff against the risk of harm outlined above.

14. As a direct and proximate consequence of Defendant's negligent, careless, wanton, outrageous, and reckless conduct, Plaintiff suffered painful, severe, and permanent injuries.

15. As a result of the incident, Plaintiff has been forced to incur expenses for reasonable and necessary medical tests, medical examinations, medical treatment, medications, hospitalizations, and similar expenses in an effort to diagnose her injuries and restore her health; and claim is made therefore.

16. Plaintiff has not fully recovered from her injuries, and it is reasonably likely that she will incur additional medical expenses in the future as well as residual problems, pain, and limitations for the remainder of her lifetime.

17. Plaintiff has undergone, and in the future will undergo, great physical and mental pain and suffering, great inconvenience in carrying out her daily activities, and loss of life's pleasures and enjoyment.

### III.

### NEGLIGENCE OF WALMART

18. Paragraphs 1-17 are incorporated herein by reference thereto.

19. The incident and all the injuries and damages set forth herein suffered by Plaintiff are the direct and proximate result of the negligent, careless, wanton, outrageous, and reckless conduct of Defendant, Walmart, as set forth above and as follows:

   a. In failing to perform routine and timely surveillance of the store to check for cleanliness issues and dangers to its invitees/business visitors;
   b. In failing to adequately train and supervise its employees in maintaining the store in a clean and safe manner;
   c. In failing to discover the vomit in a reasonable amount of time;
   d. In failing to clean up the vomit in a reasonable amount of time;

    e. In failing to blockade the area in a reasonable amount of time;

    f. In failing to warn its invitees/business visitors of the danger in a reasonable amount of time;

    g. In failing to take reasonable measures to ensure precautions were taken to address the risk of harm outlined above;

    h. In failing to exercise reasonable care to protect Plaintiff against the risk of harm outlined above; and

    i. In creating an undue risk of harm to Plaintiff.

20. As a direct and proximate result of the negligent, careless, wanton, outrageous, and reckless acts and omissions of Defendant, Walmart, Plaintiff sustained permanent personal injuries; has incurred pain and suffering, mental and emotional distress, medical expenses, and medical bills; and expects to incur future medical expenses and other damages.

WHEREFORE, Plaintiff, Angela C. Moseley, prays for judgment against the Defendant in an amount commensurate with her injuries and damages, for costs of this action, and for all other relief just and proper in the premises.

### IV.

### JURY TRIAL REQUEST

Plaintiff, by counsel, requests that this case be tried by jury.

Respectfully submitted,
BECK ROCKER & HABIG, P.C.

_____
Ashley N. Dayhuff, 32558-55

Ashley N. Dayhuff, #32558-55
BECK ROCKER & HABIG, P.C.
320 Franklin Street
Columbus, IN 47201
Ph.:   812-372-8858
Fax:   812-378-4732
Email: adayhuff@beckrocker.com

4